


IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DELORES WASHINGTON  :
ON Behalf of her Minor Children
Faruq Washington and Shanari Washington    CIVIL ACTION NO. 06-1599
6742 Akron Street
Philadelphia, PA 19027   :
　　　　PLAINTIFFS,    JURY TRIAL DEMANDED

v.
　　　　　　　　　　　　　　　　　:

CITY OF PHILADELPHIA

　　AND   :

POLICE OFFICER MAUREEN HAHN, BADGE
NUMBER 9762
POLICE OFFICER WALT MEDYCKI, BADGE
NUMBER 2920
POLICE OFFICER DEVON MARTIN, BADGE
NUMBER 5329
POLICE OFFICER, SGT MARK STOOTS, BADGE
AND
UNAMED CITY OF PHIADELPHIA   :
POLICE OFFICERS
INDIVIDUALLY AND AS POLICE
OFFICERS FOR THE CITY OF   :
PHILADELPHIA/CO LAW DEPARTMENT
1515 ARCH STREET
PHILADELPHIA, PA 19102   :

　　　　DEFENDANTS.

　　　　　　　　　　　　　　　　　:

## AMENDED COMPLAINT

### JURISDICTION

1. This action is brought pursuant to 42 U.S.C. S 1983. Jurisdiction is based upon 28 U.S.C. SS 1331 and 1343 (1), (3), (4) and the aforementioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of this Court

pursuant to 28 U.S.C. S 1367 (a) to hear and adjudicate state law claims.

2. Plaintiff Delores Washington is an adult citizen of Philadelphia, Pennsylvania, who resides at the above address and is the parent and guardian of Plaintiffs Faruq Washington and Shanari Washington.

3. Defendant City of Philadelphia is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the City of Philadelphia Police Department which employs the other defendants, City of Philadelphia police officers.

4. Defendant City of Philadelphia Police Officer Maureen Hahn, Badge Number 9752 is a an employee of the City of Philadelphia Police Department and has a business address as located in the caption above.

5. Defendant City of Philadelphia Police Officer Walt Medycki, Badge Number 2920 is an employee of the City of Philadelphia Police Department and has a business address as located in the caption above.

6. Defendant City of Philadelphia Police Officer Devon Martin, Badge Number 5329 is an employee of the City of Philadelphia Police Department and has a business address as located in the caption above.

7. Defendant City of Philadelphia Police Officer Mark Stoots, Badge Number 8586 is an employee of the City of Philadelphia Police Department and has a business address as located in the caption above.

8. At all relevant times, all individual Defendants were agents, servants and/or employees of Defendant City of Philadelphia, and were acting within the course and scope of their employment and under color of state law; and also acting in concert and conspiracy, and their actions deprived Plaintiffs of their constitutional and statutory rights.

9. At all times relevant to this Complaint, Defendants acted in concert and

conspiracy to improperly and/or falsely arrest, assault, search, imprison, inflict emotional distress, invade the privacy of Plaintiffs and otherwise deprive Plaintiff Washington (and her children, from hereinafter "Plaintiff") of rights guaranteed by the United States Constitution, federal statutory law, and by the laws and Constitution of the Commonwealth of Pennsylvania.

Factual Allegations

10. On April 18, 2005, Defendants responded to the proximity of 6741 Akron Street, Philadelphia, PA and proceeded to forcefully arrest Plaintiff Delores Washington - Ms. Washington and her children resided (reside) at 6742 Akron Street, Philadelphia, PA.

11. Faruq Washington ("Faruq"), who was fourteen years old on April 18, 2005, was/is blind and weighed approximately one hundred twenty pounds.

12. Faruq heard commotion near his home and moved in the direction of his mother who was being arrested - Plaintiff Washington, seeing her son approach, verbally warned Defendants that her son was blind and that he had Attention Deficit Hyperactivity Disorder (ADHD).

13. Defendants proceeded to arrest Faruq, handcuffing his hands behind his back and forcing him to the ground - one police officer stated "get the fuck on the ground" - Farqu did nothing to warrant being arrested, or handled with such force.

14. While Faruq was subdued on the ground, he was surrounded by approximately 4-6 police officers, one or more of whom grabbed him by the back of his neck, and then one or more officers shot him with a tazer/stun gun, without warning of any kind.

15. Both Delores Washington and Faruq's sister Shanari Washington, observed him being arrested and shot with the tazer/stun gun; after that one or more officers hit him in the right side of his body with a night stick - Faruq had done nothing to

warrant the force that was being used upon him.

16. After being shot with the stun gun, Faruq became limp and his body felt paralyzed.

17. While handling Faruq, one of more of the police officers confiscated his watch, was is still missing; they also removed his harmonica from his pocket.

18. An officer told Faruq to "get the fuck" in the car (police cruiser) - he was still handcuffed at this time - Faruq had done nothing to warrant being taken to a police station.

19. At the scene of Faruq and Delores Washington's arrests, a police officer poked Shanari Washington in the stomach several times with a night stick - Shanari had done nothing to warrant being poked in the stomach or being assaulted in any way.

20. Faruq and Delores Washington were transported to the 15th Police District in separate police cars.

21. At the 15th Police District, Delores Washington explained to police again, that her son was blind and that he had ADHD, and that based on what had just happened to him, that he would need to go to Friends Hospital for mental health treatment - Defendants denied her request.

22. A female police officer responded to the statement of Delores Washington referred to in paragraph 16 above, stating that, "I don't give a fuck about your son."

23. At the precinct, one of more officers called Delores Washington a "nigger".

24. Upon his arrival at the 15th Police District, Faruq was processed and jailed overnight.

25. On April 19, 2005, Faruq was taken to the Youth Study Center for a hearing, at which time all charges against him were withdrawn.

26. As a result of being shot with a tazer/stun gun and otherwise being assaulted

by the police as described above, Faruq suffered physical injury, including: physical pain throughout his body from being tazed; his neck was bleeding from the tazing; he suffered a permanent scar to his neck; he suffered pain to the right side of his body; his suffered pain and scaring to his wrists from the handcuffs.

27. As a result of the events described above, Faruq suffered and continues to suffer emotional trauma, including, flashbacks, nightmares, anxiety and depression, for which he still underwent and still receives mental health treatment.

28. Shanari Washington suffered physical pain as a result of being poked in her stomach several with a nightstick by defendants; she also suffered and suffers emotional distress as a result of being assaulted, and also from observing her brother being assaulted and falsely arrested.

29. Delores Washington suffered and continues to suffer severe emotional distress as a result of seeing her children being assaulted and/or falsely arrested by the police.

30. Neither Faruq or Shanari Washington committed any offenses against the laws of the Commonwealth of Pennsylvania, or any other acts, that justified the actions of Defendants, including being assaulted and arrested.

31. Defendants acted willfully, deliberately, maliciously and/ or with reckless disregard of Plaintiff's constitutional and statutory rights.

32. Defendants engaged in the aforesaid conduct for the purpose of violating Plaintiff's constitutional rights by subjecting Faruq and Shanari Washington to unreasonable force and unlawful arrest.

## FIRST CAUSE OF ACTION

## FEDERAL CIVIL RIGHTS VIOLATIONS

33. Plaintiff incorporates by reference paragraphs 1-32 of the instant Complaint.

34. As a direct and proximate result of all Defendants' conduct, committed under color of state law, Plaintiff (on behalf of her minor children) was deprived of her right to be free from false arrest, false imprisonment, excessive force, illegal search and seizure and to due process of law.  As a result, Plaintiff (on behalf of her minor children) suffered and continue to suffer harm in violation of his rights under the laws and Constitution of the United States, in particular the First, Fourth and Fourteenth Amendments thereof, and 42 U.S.C. S 1983.

35. As a direct and proximate result of the acts of all Defendants, Plaintiff (on behalf of her minor children) sustained physical and emotional/psychological harm, loss of liberty, loss of the right to exercise free speech, and financial loss in the form of unpaid medical bills, all to her detriment and harm.

36. Defendant City of Philadelphia has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training , supervision, investigation or discipline in the areas of:

a. The use of unreasonable force, excessive force by police officers;

b. The proper exercise of police powers, including but not limited to the unreasonable use of force, unlawful arrest, seizure and detainment and malicious prosecutions, violations of citizens' free speech rights, particularly in connection with perceived challenges to police authority;

c. The monitoring of officers  whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

d. The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

e. Police officers' use of their status as police officers to employ the use of

excessive force and unreasonable force, unlawful arrest, seizure and detainment, to achieve ends not reasonably related to their police duties; and

f. The failure of police officers to follow established policies, procedures, directives and instructions regarding the use of force under such circumstances as presented herein.

37. Defendant City of Philadelphia failed to properly sanction or discipline officers, who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens other of its' police officers, thereby causing and encouraging the City of Philadelphia police officers, including the currently unknown and the unnamed police officers in this case, to violate the rights of citizens such as Plaintiff (on behalf of her minor children), here.

38. All Defendant police officers acted in concert and conspiracy to deprive Plaintiff (on behalf of her minor children) of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. S 1983.

## SECOND CAUSE OF ACTION

### SUPPLEMENTAL STATE CLAIMS

39. Plaintiff incorporates by reference paragraphs 1-38 of the instant Complaint.

40. The acts and conduct of the Defendants in this cause of action constitute violations of the Constitution of the Commonwealth of Pennsylvania, assault, battery, invasion of privacy (false light privacy), and intentional infliction of emotional distress under the laws of the Commonwealth of Pennsylvania and, and this Court has supplemental jurisdiction to hear and adjudicate these claims.

WHEREFORE, Plaintiff requests the following relief:

    a. Compensatory damages in excess of $ 400,000.00 (four hundred thousand dollars and zero cents);

   b. Punitive damages in excess of $400,000.00 (four hundred thousand dollars and zero cents);

   c. Reasonable attorney's fees and costs;

   d. Such other further relief as appears reasonable and just; and

   e. A jury trial as to each Defendant and as to each count.

_____
Reginald Allen, Esquire
7601 Crittenden Street, Unit F-12
Philadelphia, PA 19118
(215) 242-3875
Attorney ID No. 77083
Attorney for Plaintiff (on behalf of her minor children)

FILED

MICHA_____, Clerk
By _____ Dep. Clerk

CERTIFICATE OF SERVICE

I, Reginald Allen, Esquire hereby certify that on September 27, 2006, I caused the foregoing Amended Complaint to be served on the counsel listed below via first class mail.

Jeffrey Simons, Esquire
City Of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102

_____
Reginald Allen, Esquire

Date: September 27, 2006

FILED